A District Court jury convicted the defendant of operating a vessel on the waters of the Commonwealth while under the influence of intoxicating liquor and of unsafe operation of a boat. On appeal, the defendant claims the judge[2] erred by (1) denying the defendant's motion to suppress, (2) admitting as evidence his statements refusing to perform a sitting field sobriety test, and (3) allowing testimony of the motor vehicle field sobriety tests. We affirm.
Background. On May 30, 2015, the defendant was observed operating a boat in an erratic manner on Fort Meadow Reservoir, which is located mostly in Marlborough. Witnesses saw the defendant drive his boat towards the causeway and crash into a rock. Marlborough police officers arrived within five to ten minutes after being contacted by one of the witnesses. Marlborough police Officer Paul Connors approached the defendant at the docking area to the reservoir and observed that the boat was damaged and sinking. Connors made observations that the defendant's eyes were glassy and bloodshot, his speech was slurred, and he had a "strong odor of an intoxicating beverage coming from his person." Connors requested that the defendant perform field sobriety tests.[3] After the defendant performed two field sobriety tests, Connors formed the opinion that the defendant was "highly intoxicated," placed him under arrest, and seated him in the rear of a police cruiser.
An environmental police Officer, David Wright, arrived after the defendant had been placed in the Marlborough police cruiser. After it was agreed that the defendant's arrest was under the jurisdiction of the Massachusetts Environmental Police, Wright requested that the defendant perform additional field sobriety tests. Wright sought to have the defendant perform three "sitting field sobriety" tests that are used for operators of boats. The defendant attempted two of the tests and, after Wright explained the third test, the defendant "put his hands down in his face saying he did nothing wrong and he did not want to continue." Based on his observations of the defendant and the defendant's performance on the sitting field sobriety tests, Wright formed the opinion that the defendant was intoxicated and arrested him.
Discussion. 1. Motion to suppress. Prior to trial the defendant moved to suppress the second set of field sobriety tests that were administered by Officer Wright on the ground that they should be considered testimonial evidence because they were conducted "well after the defendant had been arrested," without the benefit of Miranda warnings. Following an evidentiary hearing, the judge denied the motion to suppress and issued written findings and rulings concluding that although the defendant was "in custody" at the time of the second field sobriety tests, the tests were "not testimonial evidence and thus did not require the administration of" Miranda rights.
When reviewing a motion to suppress, "we adopt the motion judge's factual findings absent clear error." Commonwealth v. Isaiah I., 450 Mass. 818, 821 (2008). Although we give the facts found by the motion judge deference, "[w]e independently determine whether the judge correctly applied constitutional principles to the facts as found." Ibid. Here, the judge correctly found that the defendant was in custody at the time he attempted the second set of field sobriety tests. However, our inquiry does not end with the judge's finding regarding custody. Miranda warnings are required only when "a person in custody is subjected to either express questioning or its functional equivalent." Commonwealth v. Torres, 424 Mass. 792, 797 (1997), quoting from Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980). The defendant argues that the judge erred in ruling that the field sobriety tests conducted by Wright were not testimonial evidence. The defendant's argument ignores settled law to the effect that the Fifth Amendment to the United States Constitution and the art. 12 of the Massachusetts Declaration of Rights prohibitions against self-incrimination are not implicated by field sobriety tests. See Commonwealth v. Brennan, 386 Mass. 772, 783 (1982) ; Commonwealth v. Burgess, 426 Mass. 206, 210-211 (1997). Although the defendant was not free to leave at the time Wright conducted the second set of field sobriety tests, the tests do not elicit testimonial or communicative evidence and therefore did not trigger the need for Miranda warnings. Accordingly, the judge correctly applied the relevant constitutional principles and properly denied the defendant's motion to suppress.
2. Defendant's statements. Wright testified at trial to statements made by the defendant during the sitting set of field sobriety tests. The defendant argues that his statements that he "did nothing wrong" and that he "did not want to continue" were refusals and therefore erroneously admitted. Here we agree that the statement that the defendant did not want to continue was a refusal and was therefore inadmissible. See Commonwealth v. Brown, 83 Mass. App. Ct. 772, 779 (2013).
At trial, the defendant objected immediately following Wright's testimony regarding the defendant not wanting to continue, however the defense attorney made it clear that his objection was based on what he anticipated was to come next during the officer's testimony. In this circumstance, we conclude that the claim is not preserved, and review any error only to determine if a substantial risk of a miscarriage of justice was created. Commonwealth v. Driscoll, 91 Mass. App. Ct. 474, 482 (2017).
Even though the comment amounts to a reference to the defendant's refusal, prohibited by our cases, in light of the considerable evidence against the defendant, including the witnesses' observations of the defendant's erratic operation of his boat, his physical appearance, his performance on the field sobriety tests, and the officers' opinions as to his sobriety, any error did not create a substantial risk of a miscarriage of justice.
3. Motor vehicle field sobriety tests. The defendant maintains that the judge abused his discretion in admitting Connors's testimony regarding the first set of field sobriety tests. The defendant argues that this testimony was overly prejudicial and misleading. To establish that a judge abused his discretion in denying a motion to exclude testimony, a defendant must show that there was " 'a clear error of judgment in weighing' the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). In this case, we fail to discern any abuse of discretion by the judge, who found that the evidence of field sobriety tests administered by Connors was admissible.
Judgments affirmed.

The same judge ruled on the motion to suppress and presided over the trial.

Connors used field sobriety tests that would be used on an operator of a motor vehicle.